USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/31/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WOODROW PREACELY,

                    Plaintiff,

-against-

U.S DEPARTMENT OF HOUSING and URBAN
DEVELOPMENT, OFFICE OF INVESTIGATIONS,

                    Defendant.

**ORDER**

22-CV-6446 (AT) (KHP)

**KATHARINE H. PARKER, United States Magistrate Judge.**

On October 19, 2022, Defendant filed a letter motion seeking, inter alia, an adjournment of the Initial Case Management Conference, which had been scheduled for November 3, 2022, pending Defendant's motion to dismiss. Defendant's letter stated that Plaintiff opposed this request on the ground that he "is entitled to discovery and immediate relief." (ECF No. 11.)

On October 20, 2022, the Court granted Defendant's request and adjourned *sine die* (i.e. cancelled) the Initial Case Management Conference pending Defendant's motion to dismiss. (ECF No. 14.)

On October 25, 2022, Plaintiff filed a letter requesting that the Court deny Defendant's request to adjourn the conference and filed a proposed case management plan. (ECF Nos. 16-17.) Plaintiff also emailed the Court with the same request and requesting that his physical disability be accommodated at the Conference. **In the future, Plaintiff should not email the Court, but rather should file all correspondence via ECF. Plaintiff may seek leave to file any sensitive or confidential information under seal.**

**Plaintiff's request to reinstate the Initial Case Management Conference is denied.**

Since the Court does not consider matters outside the pleading on a motion to dismiss for failure to state a claim upon which relief can be granted, Plaintiff's contention that he is entitled to discovery prior to a ruling on the motion to dismiss is without merit.  *See Williams v. City of New York*, 602 F. App'x 28, 29 (2d Cir. 2015) (holding the district court did not err by deferring discovery until after it ruled on the motion to dismiss since "a plaintiff is not entitled to discovery if his pleadings are fatally and incurably defective as a matter of law") (*citing Dotson v. Griesa*, 398 F.3d 156, 159-60 (2d Cir. 2005)).  In the event the motion to dismiss is denied, the Court will reschedule the Initial Case Management Conference.  In the event the Initial Case Management Conference is rescheduled, Plaintiff should file a request on ECF at least a week in advance of the conference clearly stating what disability accommodations he requires.

**The Clerk of the Court is respectfully directed to mail a copy of this Order to Plaintiff.**

SO ORDERED.

Dated: New York, New York
October 31, 2022

_____
KATHARINE H. PARKER
United States Magistrate Judge

2