```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/08/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Woodrow Preacely,

                                        Plaintiff,

                -against-

U.S Department of Housing and Urban Development, *Office of Investigations*,

                                      Defendant.

**ORDER**

**22-CV-6446 (AT) (KHP)**

**KATHARINE H. PARKER, United States Magistrate Judge.**

On November 23, 2022, Plaintiff filed a motion requesting that the Court schedule a pre-motion conference regarding Plaintiff's anticipated motion for a preliminary injunction. (ECF No. 25.) Plaintiff's letter states that he is being constantly surveilled, stalked, and harassed by his neighbors, the police, NYCHA, and the Department of Justice, and that this has been continuing for many years. Plaintiff attached several exhibits that he argues demonstrate the ongoing harassment. (*Id.*) Plaintiff seeks to file a motion for a preliminary injunction that would enjoin "these 24-7 machinations against himself that prejudice his response to DOJ's Motion to Dismiss." (*Id.*) Plaintiff's motion also sought an extension of time to respond to Defendant's Motion to Dismiss, which the Court granted. (*Id.*, ECF No. 27.)

On December 1, 2022, Defendant filed a letter opposing Plaintiff's request for a pre-motion conference. (ECF No. 28.) Defendant argued that the Court should construe the letter as the motion for a preliminary injunction and deny the motion. (*Id.*)

As an initial matter, the Court declines to construe Plaintiff's motion for a pre-motion conference as the motion for a preliminary injunction. As the Second Circuit explained in *Int'l*

*Code Council, Inc. v. UpCodes Inc.*, the practice of construing pre-motion letters as the motion itself is disfavored, and the Second Circuit has only ever condoned the practice in the limited circumstances where (i) the motion in question is non-dispositive and (ii) the letters address all relevant arguments.  43 F.4th 46, 54 (2d Cir. 2022) (holding that the district court erred by construing the parties' pre-motion letters as briefing on a motion to dismiss.)  Neither of those factors applies here: (i) a motion for a preliminary injunction is considered dispositive within the meaning of Rule 72 of the Federal Rules of Civil Procedure, *Mitchell v. Century 21 Rustic Realty*, 233 F. Supp. 2d 418, 430 (E.D.N.Y. 2002) (collecting cases), and (ii) Plaintiff's pre-motion letter is only three pages long (excluding exhibits) and contains no legal argument.

That said, I agree with Defendant that no pre-motion conference is necessary here, because it is well established that a court cannot grant a preliminary injunction against parties not before it.  *Marshall v. Nat'l Ass'n of Letter Carriers BR36*, 2003 WL 22119882, at *1 (S.D.N.Y. Sept. 15, 2003) (citing Fed. R. Civ. P. 65(d)) (denying pro se plaintiff's request for preliminary injunctive relief against non-parties), report and recommendation adopted, 2004 WL 2202574 (S.D.N.Y. Sept. 30, 2004).  Plaintiff's anticipated motion would concern behavior of his neighbors, the police, NYCHA, and the Department of Justice, none of whom are parties here.  Because his motion for a preliminary injunction would be futile, a pre-motion conference is not warranted.  *Cf. Manus Sports Gloves, LLC v. Everlast Worldwide, Inc.*, 759 F. Supp. 2d 459, 460 (S.D.N.Y. 2010) (denying request for pre-motion conference where the anticipated motion would turn on an issue of fact that was not yet established); *Krivonos v. U.S. Dep't of Just.*, 2013 WL 2948077, at *5-6 (E.D.N.Y. June 14, 2013) (denying request for a pre-motion conference where precondition to filing the motion was not met).  Therefore, Plaintiff's request for a pre-

motion conference is denied.  If Plaintiff nevertheless chooses to proceed with filing a motion for a preliminary injunction, his motion shall be filed by **Friday, January 6, 2023**.  If such a motion is filed, Defendant's opposition will be due on **Friday, February 3, 2023**, and Plaintiff's reply will be due on **Friday, February 17, 2023.  In the event Plaintiff elects to file a motion for a preliminary injunction, such a motion <u>will not impact</u> the briefing schedule on the Motion to Dismiss**.

At the heart of Plaintiff's motion is his concern regarding his ability to respond to Defendant's Motion to Dismiss.  Plaintiff is advised that regardless of whether he timely files an opposition brief, the Court, in considering the Motion to Dismiss, will closely review the Complaint, will construe the Complaint liberally, and will interpret the Complaint as raising the strongest arguments it suggests.  *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (quotation marks and citation omitted).  In considering any arguments to dismiss the Complaint pursuant to Rule 12(b)(6), the Court will also accept all allegations made in the Complaint as true.  *See Morales v. City of New York*, 752 F.3d 234, 236 (2d Cir. 2014).

**The Clerk of the Court is respectfully directed to mail a copy of this Order to Plaintiff.**

Dated: New York, New York
      December 8, 2022             Respectfully Submitted

                                           *Katharine H Parker*
                                      KATHARINE H. PARKER
                                      United States Magistrate Judge