UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _7/10/2023_

Woodrow Preacely,

               Petitioner,

-against-

United States of America, HUD – Office of Investigations,

               Respondents.

22 Civ. 6446 (AT) (KHP)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

ANALISA TORRES, District Judge:

Petitioner *pro se*, Woodrow Preacely, filed an amended petition against Respondents the United States of America and the United States Department of Housing and Urban Development on December 12, 2022. ECF No. 32.[1] On February 22, 2023, Respondents filed a motion to dismiss the amended petition pursuant to Federal Rules of Civil Procedure 8, 12(b)(1), and 12(b)(6). ECF No. 42; *see also* ECF No. 43.[2] On February 23, 2023, the Court referred the motion to the Honorable Katharine H. Parker for a report and recommendation. ECF No. 44.

Before the Court is Judge Parker's Report and Recommendation (the "R&R"), dated May 9, 2023, which recommends that the motion to dismiss be granted[3] and that "the filing injunction that is already in place against Petitioner be modified to include removed state court actions within the scope of the injunction." R&R at 16–17. On May 26, 2023, Petitioner filed objections to the R&R. Pet. Obj., ECF No. 51.

For the reasons stated below, the Court OVERRULES Petitioner's objections to the R&R, ADOPTS the R&R's conclusions, GRANTS Respondents' motion to dismiss, DISMISSES

---

[1] Petitioner began this action in Supreme Court, New York County on March 3, 2022. ECF No. 1 ¶ 1. The case was removed to this Court on July 29, 2022. ECF No. 1. Petitioner is subject "to a filing injunction [in this District] that requires him to seek leave from the Court before filing an action *in forma pauperis*." R&R at 17, ECF No. 50.

[2] Petitioner did not file an opposition brief. R&R at 5.

[3] Judge Parker recommends that the petition be dismissed pursuant to Rules 8, 12(b)(1), and 12(b)(6), and that if the petition is "dismissed pursuant to Rules 8 or 12(b)(6), . . . that the dismissal be with prejudice." R&R at 16.

Petitioner's amended petition pursuant to Federal Rule of Civil Procedure 8(a) or, in the alternative, Rule 12(b)(6), with prejudice, and MODIFIES the scope of the filing injunction that is already in place against Petitioner to include removed state court actions.

## DISCUSSION[4]

I.  Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews *de novo* those portions of the R&R to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, "when a party makes only conclusory or general objections, or simply reiterates [their] original arguments," the court reviews the R&R strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014) (citation omitted); *see also Bailey v. U.S. Citizenship & Immig. Servs.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger *de novo* review."). Moreover, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (citation omitted).

The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted). An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted).

---

[4] The Court presumes familiarity with the facts and procedural history as detailed in the R&R, *see* R&R at 1–6, and, therefore, does not summarize them here.

"*Pro se* parties are generally accorded leniency when making objections." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (citation omitted). "Nonetheless, even a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.* (citation omitted).

II.   Petitioner's Objections

Petitioner's objections to the R&R do not trigger *de novo* review. Petitioner's objections are conclusory and general, or restate his original arguments. *Wallace*, 2014 WL 2854631, at *1; *Pinkney*, 2008 WL 2811816, at *1; *see also, e.g.*, Pet. Obj. at 1, 3, 5–6; *id.* at 6, 10, 14 (restating arguments concerning discovery already addressed by Judge Parker, *see* R&R at 5).[5]

Petitioner also accuses Judge Parker of, *inter alia*, "bias[]" and having "hostile intent[] towards" him for recommending that the litigation injunction against Petitioner in this District be modified. *Id.* at 6 ¶ 8, 7 ¶ 10 (emphases omitted); *see also id.* at 12 ¶ 27 (describing Judge Parker as "a compromised biased jurist") (emphases omitted); 13 ¶ 28 (stating that Judge Parker is a "'forum shopped' jurist" for recommending that Respondents' motion to dismiss be granted) (emphases omitted). Petitioner's inflammatory assertions are unsupported and lack merit.

Petitioner states that the Court "can evince an attempt at 'gaslighting' [him] through a note enclosed with the R&R stating [that he] had [seventeen] days from date of service of [the] R&R to make any objections[.]" *Id.* at 7 ¶ 12 (emphases omitted). Petitioner argues that "this may have been an honest error," but that "he sees it as another attempt [from Judge Parker] to sabotage [his] case and appeal." *Id.* at 7 ¶ 13 (emphases omitted). The R&R correctly states that, pursuant to 28 U.S.C.

---

[5] For the same reason, Petitioner's requests for discovery, Pet. Obj. at 14–15, are not properly before the Court.

3

§ 636(b)(1) and Federal Rules of Civil Procedure 6(a), 6(d), and 72(b), Petitioner had seventeen days and Respondents had fourteen days from service of the R&R to file written objections. R&R at 18.

Accordingly, Petitioner's objections are OVERRULED.

Petitioner also submits "new evidence" in his objections. Pet. Obj. at 1 (emphases omitted). Petitioner does not explain why he did not present this purportedly new evidence, *id.* at 1–2, 16–57, all of which predate the R&R, to Judge Parker. *Brown v. Smith*, No. 9 Civ. 4522, 2012 WL 511581, at *1 (E.D.N.Y. Feb. 15, 2012) ("[E]ven in a *de novo* review of a party's specific objections, the court will not consider . . . 'evidentiary material which could have been, but [was] not, presented to the magistrate judge in the first instance.'" (citation omitted)). "[A]bsent a most compelling reason, the submission of new evidence in conjunction with objections to the [R&R] should not be permitted." *Xu v. City of New York*, No. 8 Civ. 11339, 2021 WL 1222119, at *2 (S.D.N.Y. Mar. 31, 2021) (citation omitted). Petitioner has provided no such reason. And, even if the Court had considered the documents attached to Petitioner's objections, *id.* at 16–57, it would not change the Court's analysis in this matter. *See Jackson v. Wells Fargo Home Mortg.*, No. 15 Civ. 5062, 2019 WL 1376840, at *2 n.2 (E.D.N.Y. Mar. 27, 2019).

The Court has reviewed the remainder of the thorough and well-reasoned R&R for clear error and finds none. Accordingly, the Court OVERRULES Petitioner's objections to the R&R and ADOPTS the R&R's conclusions.

## CONCLUSION

For the foregoing reasons, the Court OVERRULES Petitioner's objections to the R&R, ADOPTS the R&R's conclusions, and GRANTS Respondents' motion to dismiss the amended petition. Petitioner's claims are DISMISSED pursuant to Federal Rule of Civil Procedure 8(a) or, in the alternative, Rule 12(b)(6), with prejudice. In addition, the scope of the filing injunction that is

already in place against Petitioner is hereby modified to include removed state court actions. *See* R&R at 17.

The Clerk of Court is directed to terminate the motion at ECF No. 42, mail a copy of this order to Petitioner *pro se*, and close the case.

SO ORDERED.

Dated: July 10, 2023
       New York, New York

                                                   ANALISA TORRES
                                       United States District Judge

5